# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY L. VINYARD,** | ) |
|       **Petitioner/Defendant,** | ) ) |
| | )   **CIVIL NO. 10-cv-341-WDS** |
| **vs.** | ) |
| | )   **CRIMINAL NO. 05-cr-40065** |
| **UNITED STATES of AMERICA,** | ) |
| | ) |
|       **Respondent/Plaintiff.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner Jerry Vinyard's motion for relief pursuant to 28 U.S.C. § 2255. In an open plea, Vinyard pleaded guilty to charges involving the manufacture and distribution of methamphetamine. As explained by the Seventh Circuit, the following events unfolded:

> At sentencing on May 3, 2007, no one had any objections to the presentence report (PSR), which recommended a guideline range of 235-293 months' imprisonment, based on a finding that Vinyard was involved with 36.5 kilograms of methamphetamine and had possessed a firearm during the offense. Before imposing the sentence, the district court agreed to allow Vinyard's wife to address the court. She spoke for some time, emphasizing the effect that a long sentence would have on their 11-year-old daughter. After his wife spoke, Vinyard for the first time questioned some of the facts in the PSR having to do with amounts of anhydrous ammonia involved in the crime. The district court asked him if he was objecting to the PSR. Vinyard waffled, seeming to say yes, but noting that he was not acting on the advice of counsel, who was concerned about Vinyard's jeopardizing his three-level reduction for acceptance of responsibility and other benefits he was expecting. After a brief recess, Vinyard withdrew any objections, and the district court sentenced him to the mandatory minimum of 240 months.

> At this point, the district court appears to have had second thoughts. The next day, May 4, without giving any notice to the Government, he ordered Vinyard's release. This caused problems because the order was not filed until May 7; the Government learned of Vinyard's release only when an agent happened to see him walking into the Probation Office. The Government immediately filed a notice of appeal of the release order on May 7 (No. 07-2058), and on May 10 it filed a motion to reverse and vacate the release order. That same day (May 10), this court entered an order requiring Vinyard to be detained. The district court responded hours later by *sua sponte* vacating Vinyard's plea and sentence, ordering new appointed counsel, vacating its release order, and ordering Vinyard to self-report the next day. This court issued another order reiterating the immediate detention order. The Government filed an appeal of the May 10 order vacating the plea and sentence (No. 07-2304). The appeal of the release order was dismissed on the ground that it had become moot.
>
> Along with its appeal of the *vacatur*, the Government filed a motion to stay the proceedings with both the district court and the circuit on June 5. On June 13, one day before the next scheduled status hearing, the district court granted the motion to stay and amplified on its reasons for vacating the plea and sentence. On July 17, the Government filed a petition for a writ of *mandamus* to compel the district court to reinstate the sentence it had pronounced (No. 07-2674).

*United States v. Vinyard*, 539 F.3d 589, 590-91 (7th Cir. 2008). The Seventh Circuit then granted the petition for writ of mandamus, vacated the May 10 vacatur of the plea and sentence, and directed that judgment be entered pursuant to the May 3, 2007 sentence. *Id.* at 595. On remand, Vinyard filed a motion to withdraw his guilty plea, which was denied. On June 5, 2009, Vinyard was sentenced to 240 months imprisonment, ten years supervised release, a fine of $250, and a special assessment of $100. No direct appeal was filed, and Vinyard later filed the instant motion under § 2255.

In his motion, Vinyard claims that Counsel was constitutionally ineffective in several ways: (1) Counsel failed to advise him that he had a right to require the government to prove each factor beyond a reasonable doubt; (2) Counsel failed to advise him that he had a right to challenge his

sentence on direct appeal and collateral attack; (3) Counsel misled him as to his potential punishment in an effort to manipulate him to enter a guilty plea; (4) Counsel coerced him into pleading guilty; and (5) Counsel failed to file a direct appeal.  Vinyard also asserts that his sentence was enhanced beyond the statutory maximum, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and that the Court did not have jurisdiction to enhance his sentence because the government did not comply with the requirements of 21 U.S.C. § 851(a)(1).  Finally, Vinyard asserts that the Court erred in denying his motion to withdraw his guilty plea.

The Court **ORDERS** the Government to file a response to Vinyard's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED: August 6, 2010.**

                                            **s/ WILLIAM D.  STIEHL**
                                                **DISTRICT JUDGE**