**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERRY L. VINYARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-CV-341-WDS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are the following motions filed by the petitioner: petitioner's motion for hearing and for bond (Doc. 6); motion for summary judgment and motion for status (Doc. 8), to which the government filed a response (Doc. 9); petitioner's additional requests for hearing (Docs. 10, 14, 15); motion for supplemental authority (Doc. 12); motions for status (Docs. 11, 13, 14, 17); motion to expand the record and request for status (Doc. 15); and motion to appoint counsel (Doc. 16).

## BACKGROUND

A brief overview of the facts is in order before ruling on the motions noted above, due to the uniqueness of this case.  On November 7, 2006, petitioner pleaded guilty, in an open plea, to conspiring to manufacture, distribute, and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § § 841(a)(1) and 846.  Based on this charge, petitioner faced a statutory term of imprisonment of 10 years to life.  Additionally, prior to petitioner's plea, the government filed an Information pursuant to 21 U.S.C. § 851 to establish petitioner's prior felony drug conviction for Unlawful Delivery of a Controlled Substance, which

increased the mandatory minimum term of imprisonment applicable to petitioner to 20 years.  At

the time of his guilty plea, petitioner signed a written Stipulation of Facts, admitting, inter alia,

that the amount of methamphetamine involved in the charged conspiracy was in excess of 500

grams.  At his change of plea hearing, petitioner was advised by the Court that the § 851

Information regarding his prior drug conviction had been filed and that a mandatory minimum

sentence of 20 years would apply to him at sentencing.  Plea Trans. at 5-6.  Vinyard stated, at the

change of plea hearing, that he understood this.  *Id.*

> The Seventh Circuit explained the subsequent events as follows:

> At sentencing on May 3, 2007, no one had any objections to the
> presentence report (PSR), which recommended a guideline range of 235-293
> months' imprisonment, based on a finding that Vinyard was involved with 36.5
> kilograms of methamphetamine and had possessed a firearm during the offense.
> Before imposing the sentence, the district court agreed to allow Vinyard's wife to
> address the court. She spoke for some time, emphasizing the effect that a long
> sentence would have on their 11-year-old daughter. After his wife spoke, Vinyard
> for the first time questioned some of the facts in the PSR having to do with
> amounts of anhydrous ammonia involved in the crime. The district court asked
> him if he was objecting to the PSR. Vinyard waffled, seeming to say yes, but
> noting that he was not acting on the advice of counsel, who was concerned about
> Vinyard's jeopardizing his three-level reduction for acceptance of responsibility
> and other benefits he was expecting. After a brief recess, Vinyard withdrew any
> objections, and the district court sentenced him to the mandatory minimum of 240
> months.

> At this point, the district court appears to have had second thoughts. The
> next day, May 4, without giving any notice to the Government, he ordered
> Vinyard's release. This caused problems because the order was not filed until May
> 7; the Government learned of Vinyard's release only when an agent happened to
> see him walking into the Probation Office. The Government immediately filed a
> notice of appeal of the release order on May 7 (No. 07-2058), and on May 10 it
> filed a motion to reverse and vacate the release order. That same day (May 10),
> this court entered an order requiring Vinyard to be detained. The district court
> responded hours later by sua sponte vacating Vinyard's plea and sentence,
> ordering new appointed counsel, vacating its release order, and ordering Vinyard
> to self-report the next day. This court issued another order reiterating the
> immediate detention order. The Government filed an appeal of the May 10 order
> vacating the plea and sentence (No. 07-2304). The appeal of the release order was
> dismissed on the ground that it had become moot.

      Along with its appeal of the vacatur, the Government filed a motion to stay
the proceedings with both the district court and the circuit on June 5. On June 13,
one day before the next scheduled status hearing, the district court granted the
motion to stay and amplified on its reasons for vacating the plea and sentence. On
July 17, the Government filed a petition for a writ of mandamus to compel the
district court to reinstate the sentence it had pronounced.

*United States v. Vinyard*, 539 F.3d 589, 590-591 (7th Cir. 2008). The Seventh Circuit granted

the petition for writ of mandamus, vacated the May 10 vacatur of the plea and sentence and

directed that judgment be entered pursuant to the May 3, 2007 sentence. *Id.* at 595. On remand,

petitioner filed a motion to withdraw his guilty plea, which this Court denied. On June 5, 2009,

petitioner was sentenced to 240 months imprisonment, ten years supervised release, a fine of

$250, and a special assessment of $100. Petitioner did not file a direct appeal.

      Petitioner has filed a motion pursuant to 28 U.S.C. § 2255, alleging that each of his

appointed attorneys[1] was constitutionally ineffective in a number of different ways. The Court is

not ruling on the merits of the § 2255 motion itself, at this time, but only the related motions

filed by petitioner.

## I.   <u>Motions for Hearing</u>

      An evidentiary hearing on a § 2255 petition is not required if the "motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255; *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001); *Daniels v. United*

*States*, 54 F.3d 290, 293. The Court has not determined that a hearing is required at this point,

but may require one at a later date. Should the Court determine that a hearing is necessary, it

will set a hearing and the petitioner will be duly notified. Accordingly, to the extent that

petitioner requests a hearing in Docs. 6, 10, 14, and 15, those requests are **DENIED** at this time.

---

[1] Petitioner was represented by two appointed attorneys at different times during his proceedings: he was
represented by Susan Gentle through his initial sentencing, and then was represented by Gene Gross
during the mandamus proceedings and during his subsequent sentencing hearing.

II.   **Motion for Supplemental Authority**

Petitioner filed a "motion for supplemental authority" (Doc. 12), in which he wishes to bring to the Court's attention particular caselaw that has been decided since the time he previously briefed the issues in his case.  The Court **GRANTS** petitioner's motion for supplemental authority (Doc. 12) to the extent that petitioner seeks that the Court consider the supplemental authority submitted within the motion.  At this time the Court makes no determination as to the merits of petitioner's arguments within the motion, or as to the applicability of the authority cited by petitioner to the issues of his case.

III.   **Motion for Bond**

Petitioner requests that he be placed on bond pending the final determination of his motion. (Doc. 6).   "[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly."  *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).  Post-conviction relief of this kind should not be granted casually for obvious reasons:

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal.  And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*.

The Court finds no basis for releasing petitioner on bond pending resolution of his § 2255 motion, and to further the interest of the finality of criminal proceedings, this Court cannot

justify releasing petitioner on bond pursuant to its inherent powers.  To the extent petitioner's motion seeks release on bond (Doc. 6), the motion is **DENIED**.

### IV.      Motions for Status

To the extent that petitioner requests a status update as to his case, the Court **GRANTS** his requests (Docs. 8, 11, 13, 14, 15, 17) and provides the following information: although a substantial amount of time has passed since petitioner first filed his petition, the facts and circumstances of this case have given the Court great pause.  As this Court stated in the criminal proceedings, the case presents an unusual scenario.  Petitioner's submissions are currently under consideration of the Court, and its decision is forthcoming.  Any Orders of the Court will be sent to petitioner via U.S. Mail, and any pleadings submitted by the government will be served on petitioner in accordance with the Federal Rules of Civil Procedure.

The Court notes that the petitioner, in Doc. 8, "reiterates" the request for summary judgment that he originally made in his reply to the government's response (Doc. 4).  The Court **DENIES** as **MOOT** petitioner's reiteration of his request for summary judgment (Doc. 8), and will consider the request as set forth in petitioner's reply.

### V.      Motion to Expand the Record

Petitioner filed a motion to expand the record (Doc. 15), seeking an affidavit from his prior attorney, Susan Gentle, and for a ruling on his motion to compel Susan Gentle to file an affidavit.  Petitioner filed the motion to compel Susan Gentle to file an affidavit in his criminal case, and that motion was denied.  (Criminal No. 05-CR-40065-WDS-5, Doc. 247).  Petitioner now appears to request that the exhibits he attached to the motion, including the documents from petitioner's "Request for Investigation of a Lawyer" that petitioner submitted to the Attorney Registration and Disciplinary Commission ("ARDC") of the Supreme Court of Illinois regarding

Susan Gentle, be made a part of the record.  To the extent that petitioner's motion seeks to add the exhibits attached to his motion to the record of this case, the Court **GRANTS** this request (Doc. 15).

### IV.      Motion for Appointment of Counsel

Petitioner requests appointment of counsel (Doc. 16) to assist him with his § 2255 motion.  He cites the Supreme Court ruling in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), in support of his motion.  Petitioner requests counsel on the basis that numerous motions in support of his original claims have not yet been ruled on, which makes him believe that he is overlooking something or needs a professional to assist him with his claims.  Specifically, he seeks an attorney's assistance in securing an affidavit from his trial counsel, Susan Gentle.  Petitioner claims that he is indigent, and is entitled to competent counsel to assist him in investigating and submitting his claims.

Pursuant to 18 U.S.C. § 3006A(a)(2)(B), a financially eligible person seeking relief under § 2255 may be provided representation if the Court determines that justice so requires.  According to the Rules Governing Section 2255 Proceedings, Rule 8(c), the district court is directed to appoint counsel for qualified petitioners, if the Court determines that a hearing is necessary.   The Rule does not prevent the Court from appointing counsel under 18 U.S.C. 3006A, at any stage of the proceedings, however.  There is no Constitutional requirement to appoint counsel in a § 2255 proceeding. S*ee Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) ("A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel."). The Court, at this time, has not set a hearing in this case.

"Further, it has been the law of this circuit that appointment of counsel for indigents in habeas corpus proceedings rests in the discretion of district courts 'unless denial would result in fundamental unfairness impinging on due process rights.'" *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (quoting *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)).   The Seventh Circuit has set forth five factors for the district court to consider when ruling on a motion for appointment of counsel:

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson*, 716 F.2d at 418.  Upon consideration of these factors, the Court **FINDS** that (1) the merits of petitioner's claims are at least colorable; (2) petitioner has provided this Court with an abundance of facts, although he has not been able to secure Susan Gentle's affidavit; (3) the nature of the evidence indicates that the truth will more likely be exposed if petitioner were represented by counsel; (4) petitioner has presented his case, but, in light of factual complexities, would benefit from assistance of counsel, and (5) the legal issues raised are complicated by the unique factual backdrop.  Accordingly, the Court **FINDS** that the interests of justice require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B).  The Court **GRANTS** petitioner's motion for appointment of counsel (Doc. 16), and hereby **APPOINTS MICHAEL S. GHIDINA, 112 SOUTH HANLEY, 2ND FLOOR, ST. LOUIS, MO 63105, 314-726-6106**, to represent petitioner in this case.  Counsel is **DIRECTED** to review the pleadings and confer with petitioner and to determine whether any additional pleadings should be filed.  Counsel **SHALL** file any additional pleadings on or before June 17, 2013.

In light of the Court's decision to appoint counsel, the Court **DENIES** petitioner's request that the Court compel Susan Gentle to file an affidavit (Doc. 15).   Petitioner's counsel may assist him in securing any additional documents, and all further pleadings **SHALL** be filed by petitioner's counsel.

**IT IS SO ORDERED.**

**DATED:**  **May 16, 2013**

**/s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**